Filed 10/2/13  P. v. Foster CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065436 |
| v. | (Super. Ct. No. 12CM0313) |
| JAMES HOWARD FOSTER, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

[*]     Before Wiseman, Acting P.J., Levy, J., and Peña, J.

-ooOoo-

Appellant, James Howard Foster, pled no contest to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and was sentenced to a two-year prison term. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Foster was in a dating relationship with Theresa Johnson for three years and had been living with her for two months prior to December 31, 2011. On that date, at approximately 7:00 a.m., Foster got on top of Johnson as she slept in her bed and he began punching her in the head and choking her. Foster got off Johnson and left after her adult son came into the room and yelled at him.

On January 5 or 6, 2012, Johnson returned from a trip out of town and found that her apartment had been broken into and ransacked. Johnson also discovered that someone urinated on her bed, poured bleach and paint thinner on her clothes, cut up her shoes, and cut the extension cords to certain items. Additionally, some of Johnson's jewelry was missing.

Foster called Johnson the night she returned and admitted taking her property, including the jewelry. Foster told Johnson to meet him across the street and that he was going to finish things off, and shoot her.

On April 30, 2012, the district attorney filed a first amended information charging Foster with making criminal threats (count 1/§ 422), first degree burglary (count 2/§§ 459 & 460, subd. (b)), inflicting corporal injury on a cohabitant (count 3), assault by means of force likely to cause great bodily injury (count 4/§ 245, subd. (a)), and vandalism

---

[1]     All further statutory references are to the Penal Code.

2

(count 5/§ 594, subd. (b)(1)).  The information also alleged 12 prior prison term enhancements (§ 667.5, subd. (b)).

On June 8, 2012, Foster entered his no contest plea to the inflicting corporal injury charge in exchange for the dismissal of the remaining counts and enhancements and a lid of two years.

On July 9, 2012, the court denied Foster's *Marsden*[2] motion.  The court then appointed Attorney James Oliver for the limited purpose of investigating whether there was a basis for Foster to withdraw his plea.[3]  The court then trailed the matter to allow Attorney Oliver to speak with Foster and to review defense counsel's file in this matter.  When the court took up the matter again, Attorney Oliver advised the court that he did not find any legal basis for Foster to withdraw his plea.

On July 11, 2012, the court sentenced Foster to prison for the mitigated term of two years.

Foster's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  However, on December 31, 2012, Foster filed a document that consists primarily of a recitation of numerous legal principles and citations with no explanation of how they apply to his case.  Foster also contends that the district attorney presented false evidence in the trial court and that he was denied the effective assistance of counsel by defense counsel's failure to interview

---

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

[3]    Parenthetically we note that the court erred, albeit not prejudicially, "by appointing substitute counsel without a sufficient showing that failure to appoint substitute counsel would substantially impair or deny defendant's right to assistance of counsel, and by appointing substitute counsel for the limited purpose of evaluating defendant's reasons for wanting to withdraw his plea rather than appointing substitute counsel for all purposes." (*People v. Sanchez* (2011) 53 Cal.4th 80, 92.)

and present an important witness or other evidence.  However, our review of the record did not disclose any evidence that supports either of these assertions.

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.